IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS DWAYNE MAYBERRY, 605575, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>RICK THALER, Director TDCJ-CID, )<br>       Respondent. ) | No. 3:97-CV-2592-G |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. On August 22, 2010, he filed a petition for review. The Court construes his petition as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

On October 22, 1997, Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254. On March 17, 1998, the district court dismissed the petition as time-barred. On June 23, 1998, the Fifth Circuit Court of Appeals denied a certificate of appealability.

On August 22, 2010, Petitioner filed the instant Rule 60(b) motion. He argues he has newly discovered evidence showing that his § 2254 petition is not barred by limitations.

**II. Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a judgment or an order. It states:

> On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Petitioner states he has newly discovered evidence that his petition is not time-barred. A Rule 60(b) motion that relies on Rule 60(b)(1), (b)(2) or (b)(3), however, must be filed within one year of the judgment. *See* Fed. R. Civ. P. 60(c). Petitioner failed to file this motion until approximately twelve years after judgment was entered. His claims are therefore barred. *See FTC v. Namer*, No. 06-30528, 2007 WL 2974059 at *10 (5th Cir. Oct. 12, 2007) (citation omitted) (stating the "expiration of the one year time limit is an absolute bar to relief from judgment.").

**RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that Petitioner's Rule 60(b) motion be denied.

Signed this 25th day of February, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).